UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JAMES LEE HAYES** and
**JENNIFER LYNN HAYES,**

Debtors.

Case No. **07-60316-13**

## *MEMORANDUM of DECISION*

At Butte in said District this 12th day of October, 2007.

In this Chapter 13 bankruptcy, after due notice, a hearing was held October 2, 2007, in Butte on confirmation of the Debtors' James Lee Hayes and Jennifer Lynn Hayes Third Amended Chapter 13 Plan dated September 13, 2007, together with the objections to confirmation filed by America's Servicing Company for HSBC Bank, USA ("ASC") and Tom and Sue Hanson. Debtors were represented at the hearing by attorney Gregory W. Duncan of Helena, Montana, ASC was represented by attorney John Grant of Helena, Montana and Tom and Sue Hanson were represented by Charles E. Petaja of Helena, Montana. Also present at the hearing was the Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montan, who filed a consent to confirmation of Debtors' Third Amended Chapter 13 Plan. The following Exhibits were admitted into evidence without objection, to wit: Debtors' Exhibit 1, Hansons' Exhibit 1 (a copy of Proof of Claim No. 9), ASC's Exhibit A (summary of debt), Exhibit B (a copy of Proof of Claim No. 6), Exhibit C (note) and Exhibit D (Deed of Trust). Both objecting creditors also request admission of the contents of Debtors' entire bankruptcy case filed in this matter, but did

1

not specify any particular document as being material or relevant. No witnesses testified.

Debtors, in their Third Amended Chapter 13 Plan, propose to pay to the Trustee the sum of $5,196.00 for the first month and $2,811.80 due on the 20th of each month, for a period of 36 months, with the following provision:

> The Debtors' real property shall remain property of the bankruptcy estate. Debtor[s] shall employ a professional, subject to the approval of the Bankruptcy Court for the purpose of selling her [sic] real property. Upon the sale of real property, the Debtor[s] will turn over sufficient funds to pay the following impaired secured claims in order of lien priority. No payment shall be made on these claims until sale of the property. This sale of real property and related fees and costs shall be subject to the approval of the Bankruptcy Court. The Debtor[s] shall actively market the property, sale of the property shall not occur without prior authorization of the Bankruptcy Court and notice to the Creditors, and the Trustee shall be given an opportunity to participate in the closing of the sale.

From the payments, the Trustee shall make disbursements in the following priority:

(a) Administrative claims, including the Trustee's fees and Debtors' attorney fees along with commercial insurance premiums;

(b) Impaired secured claims, as allowed under "11 U.S.C. § 506(a), together with interest at the rate prescribed below from the date of confirmation on a pro rata basis", to wit:

| | |
|---|---|
| ASC - 1st Mortgage | $501,326.64 at 8.49% |
| Hansons - 2nd Mortgage | $285,194.00 at 8.0% |

Debtors' Third Amended Chapter 13 Plan also provides that the above impaired secured creditors "shall retain their liens until their allowed secured claims have been paid in full, together with interest." The Third Amended Chapter 13 Plan then provides that Debtors' real property shall be sold as set forth above, and upon that event the Debtors will turn over said funds to the Trustee to pay the secured claims in their order of priority. No payments shall be

2

made on the secured claims until the real property is sold. Sale of the property will require Court approval after notice. In the event the property is not sold within 12 months from confirmation, the property will be surrendered to the secured creditors in full satisfaction of their claims.

The unsecured claims in the case are approximately $91,000.00 and will be paid from the surplus of sale proceeds and plan payments pursuant to 11 U.S.C. § 507. Debtors' Plan states in paragraph 2(f), liquidation analysis, that the "total amount distributed under paragraphs 2.(d) and (e) will be at least $109,000.00 which exceeds what would be available to pay unsecured claims if the [Debtors'] estate was liquidated under Chapter 7 of the Bankruptcy Code." Finally, the Debtors reserve the right to incur post-petition debt upon prior written approval of the Chapter 13 Trustee for items necessary to implement the Plan. The Debtors shall commit all disposable income to the Plan, along with all proceeds from the sale of Debtors' real property, subject to allowance of Debtors' homestead exemption of $250,000.00 as allowed by Montana law, with the balance of the sales proceeds payable to the Chapter 13 Trustee to complete the Plan payments, with costs of sale estimated at 6% of the sales price.

ASC's objections states the proposed Plan does not pay ASC's claim in full because it pays interest "from the date on confirmation", and interest has accrued since December 2006, the date of Debtors' last payment. That is, there are 9 months delinquent payments due. Next, ASC asserts that Debtors' Plan does not require payment of taxes or insurance and if the property is surrendered, there is no provision for immediate possession by the secured creditors.

As to ASC's objection regarding interest payments, Exhibit A shows the present principal balance as $476,165.24, interest of $18,597.91 at 8.49% per annum is also due from November 1, 2006, to April 9, 2007, together with late charges of $558.75, escrow advances of $5,384.32

and other charges of $132.00, for a total debt of $500,838.22. The arrearage through April 2007 is $46,034.92, but that amount shall be paid upon sale, as will the entire principal and interest, as the Plan provides for payments of $501,326.04.

Hansons' objections are the same as ASC's, that no payments of interest are to be made except from the date of confirmation. The total amount due on the Hansons' Proof of Claim is $285,194.00 as of May 1, 2007, which is the amount set forth in Debtors' Plan, and this sum, according to the Proof of Claim, includes interest to May of 2007, together with additional charges of $666.04.

The Chapter 13 Trustee consents to the Debtors' Third Amended Chapter 13 Plan on the basis that "such Plan complies with the provisions of 11 U.S.C. § 1301, *et. seq.*, and other applicable provisions of the Bankruptcy Code. The Plan has been proposed in good faith and not by any means prohibited by law. The Plan represents the best efforts of the Debtors and the Debtors appear to be able to make the payments provided for in the Plan and to otherwise comply with the Plan," thereby making the Plan feasible.

The Plan contemplates a 100% repayment to all creditor after payment of administrative expenses. The secured creditors' objections that the Plan payments do not include all interest due to the date of confirmation is without merit as the Plan has specifically accepted the amounts set forth on the Proofs of Claim filed by each of the secured creditors, which amounts include interest. If additional interest has or is accrued by each of the secured creditors to the date of confirmation, each creditor has the right to file an amended proof of claim to include such interest.

I take judicial notice of this Court's Memorandum of Decision dated October 3, 2007, in

Adversary Proceeding 07-00045, *Hayes v. Water Ski Mania Estates*, et. al, where the Court made a finding that Debtors "entered into an agreement to sell their real property to Christopher Van Sys for the sum of $1.2 million in 2006", but the sale was derailed by the other landowners in the Water Ski Mania Estates. Given the unrestricted right to sell their property under a confirmed Chapter 13 plan, the Debtors will not be hindered by outside pressures from the interlopers. The Court therefore concludes that Debtors' Third Amended Chapter 13 Plan dated September 13, 2007, and filed September 18, 2007, complies with the confirmation provisions and criteria of 11 U.S.C. §§ 1325(a)(1) through (a)(9). Further, the objections to confirmation filed by secured creditors ASC and Hansons are without merit and are overruled.

IT IS THEREFORE ORDERED that after hearing and upon due notice, the Court will enter a separate Order confirming Debtors' Third Amended Chapter 13 Plan dated September 13, 2007, and filed September 18, 2007, according to its terms, with all payments to be made to the Chapter 13 Trustee as set forth in the Plan pursuant to 11 U.S.C. § 1326.

BY THE COURT

HON. JOHN L. PETERSON
Bankruptcy Judge
United States Bankruptcy Court
District of Montana